UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TIMOTHY DEBRITTO,<br>    Petitioner,<br><br>v.<br><br>STATE OF RHODE ISLAND and R.I.<br>DEPARTMENT OF CORRECTIONS,<br>    Respondents. | C.A. No. 24-cv-201-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

Timothy DeBritto, who is incarcerated at the Adult Correctional Institution in Rhode Island, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Mr. DeBritto argues that his felony assault conviction under R.I. Gen. Laws § 11-5-2 is void. He also moves this Court to appoint counsel to represent him. (ECF No. 4.)

The State of Rhode Island moved to dismiss the petition on multiple grounds, including that Mr. DeBritto's petition is time-barred under 28 U.S.C. § 2244(d). (ECF No. 7 at 5-7.) Mr. DeBritto's responsive briefing does not address the timeliness of his petition. (ECF No. 9.) After reviewing the dates at issue, the Court finds that Mr. DeBritto's petition is untimely. For the reasons below, the State's Motion to Dismiss is GRANTED, Mr. DeBritto's Petition is DISMISSED, and Mr. DeBritto's Motion to Appoint Counsel is DENIED as moot.

On November 30, 2012, Mr. DeBritto was convicted by a Rhode Island Superior

Court jury of three criminal counts, including felony assault in violation of R.I. Gen. Laws § 11-5-2(a). (ECF No. 7-1 at 1-2.) On February 1, 2013, he was sentenced to twenty years to serve on the felony assault charge; he appealed to the Rhode Island Supreme Court but withdrew that appeal on January 30, 2014. (ECF Nos. 7-1 at 2; 7-2.) While his appeal was still pending, Mr. DeBritto filed a Motion to Reduce Sentence. (ECF No. 7-1 at 5.) The sentencing judge resolved that motion on March 14, 2014, suspending Mr. DeBritto's custodial sentence on another count at the request of the State but otherwise denying him relief. (ECF Nos. 7-1 at 6; 7-5 at 1, 5, 24.)

On January 18, 2017, Mr. DeBritto filed his first Application for Post-Conviction Relief. *See* PM-2017-0409. Neither party brought this application to the Court's attention, and the State incorrectly indicates that Mr. DeBritto's first such application was filed in 2023. (ECF No. 7 at 6.) He later filed a Motion to Correct Sentence on August 26, 2020, and then another on August 3, 2023. (ECF No. 7-1 at 9, 10.) After the latter Motion to Correct Sentence was denied, he appealed that denial to the Rhode Island Supreme Court; that appeal was closed by an Order of the Supreme Court.[1] (ECF Nos. 7-1 at 10; 7-4 at 1-2; 10-2.) His petition for federal habeas relief was received by this Court on May 16, 2024.[2] (ECF No. 1 at 1.)

---

[1] The State characterizes this disposition as reflecting a failure by Mr. DeBritto to exhaust his state remedies. (ECF No. 10 at 2.) The Court does not need to reach this issue to decide the Motion to Dismiss.

[2] The date on which Mr. DeBritto placed this filing in the prison mailing system is not evident from his petition, but he could not have done so earlier than November 6, 2023, when his appeal was closed by the Supreme Court. (ECF No. 1-3 at 2.)

An application for a writ of habeas corpus must be filed within one year of the latest of the following: (a) "the date on which the judgment became final"; (b) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (c) "the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court"; or (d) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). Any "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

Mr. DeBritto does not argue that he was prevented from filing this petition by state action or that his claims are based on a right newly recognized by the United States Supreme Court or on newly discovered evidence. The relevant start date for the habeas clock is January 30, 2014, when Mr. DeBritto withdrew his appeal. That clock was tolled until the sentencing judge's decision on his Motion to Reduce Sentence, on March 14, 2014. *Kholi v. Wall*, 582 F.3d 147, 156 (1st Cir. 2009). In sum, the one-year statute of limitations, starting on March 14, 2014, had run when Mr. DeBritto filed his first Application for Post-Conviction Relief in 2017.

Mr. DeBritto does not raise any "extraordinary circumstance" supporting equitable tolling. *McCants v. Alves*, 67 F.4th 47, 51 (1st Cir. 2023) (quoting *Holland*

3

*v. Florida*, 560 U.S. 631, 649 (2010)). And even assuming that a petitioner in state custody might be able to qualify for the "actual innocence" exception to the statute of limitations based on a "change in law," Mr. DeBritto has not shown that his felony assault conviction is void. *Id.* at 52-55 (quoting *Bousley v. U.S.*, 523 U.S. 614, 623-24 (1998)). *Compare State v. Maxie*, 187 A.3d 330, 340-41 (R.I. 2018) (criminal statute, which, due to "obvious drafting error," failed to use *any* language prohibiting the described conduct or linking it to a punishment, was void) *with* 1996 R.I. Pub. Laws Ch. 96-81, § 1 (felony assault statute at the time of Mr. DeBritto's conviction).

Finally, under Rule 22 of the Federal Rules of Appellate Procedure and Rule 11 of the Rules Governing Proceedings Under 28 U.S.C. § 2254, any request to this Court to issue a Certificate of Appealability (COA) of this Order is also denied. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Mr. DeBritto would need to show that "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because the Court does not see any such substantial basis for an appeal, no COA will issue.

For the reasons described above, the State's Motion to Dismiss (ECF No. 7) is GRANTED, Mr. DeBritto's Petition (ECF No. 1) is DISMISSED as untimely filed, and Mr. DeBritto's Motion to Appoint Counsel (ECF No. 4) is DENIED as moot. A Certificate of Appealability is also DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
December 3, 2024